IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:19-mj-___ |
| JENNIFER G. HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Officer Mirko O. Peña, being duly sworn, state the following:

1. I entered on duty with the Security Protective Service ("SPS") of the Central Intelligence Agency ("CIA") in April 2011. I graduated from the Federal Law Enforcement Training Center ("FLETC") in May 2012. Following my graduation, I received an additional eight weeks of CIA-specific training prior to being assigned as an officer at various CIA installations.

2. This affidavit is submitted in support of a criminal complaint charging JENNIFER G. HERNANDEZ with criminal trespass at the CIA Headquarters in violation of 32 C.F.R. § 1903.7, which prohibits entering, or remaining on an Agency installation without proper authorization, as well as reentering or attempting to reenter an Agency installation after being instructed not to do so by an authorized person.

3. The facts and information contained in this affidavit are based upon my personal knowledge and observations during the course of this investigation, information conveyed to me by other individuals, including law enforcement officers, and my review of records, documents, and other physical evidence obtained during the investigation. This affidavit contains information

necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

4. On May 3, 2019, at approximately 4:25 p.m., I encountered the defendant at the Visitor Control Center at CIA Headquarters in McLean, Virginia, within the Eastern District of Virginia. Upon arrival, the defendant provided her Iowa identification card, requested to recover her North Carolina identification card, and requested "to speak to Agent Penis." After a review of records, I determined that CIA police officers had encountered the defendant on several recent occasions, and had cited her for trespassing on the prior evening. I also learned that in the course of that May 2, 2019 encounter, CIA police had unintentionally retained the defendant's North Carolina identification card, and that the card was in storage elsewhere at CIA Headquarters. Another police officer then retrieved the defendant's North Carolina identification card and provided it to the defendant. Police officers then directed the defendant to leave the premises and asked how she intended to leave. The defendant stated that she planned to leave by bus, and officers remained with her at the bus stop for several minutes until the next bus arrived. When the bus arrived, the defendant asked the police officers, "do you really think I'm going to leave?" Officers then warned the defendant that if she did not depart the premises, she would be arrested. The defendant then declined to board the bus and stated that "I am not leaving." Officers thereupon arrested the defendant for remaining on an Agency installation after being ordered to leave.

5. On May 2, 2019, at approximately 3:10 p.m., the defendant arrived via Uber at the Visitor Control Center at CIA Headquarters. When approached by CIA police officers, the defendant stated that she wanted to "speak to her recruiter" and that she knew to come here because her "phone was off." Upon a review of records, the officers determined that she had been issued a written warning for trespassing at CIA Headquarters on the day prior, May 1, 2019. Officers

then interviewed the defendant, determined she had no official business at the CIA, and cited her for trespassing on an Agency installation without proper authorization. Officers then directed the defendant to leave the premises, and she departed by Metro Bus.

6. On May 1, 2019, at 9:30 p.m., a CIA police officer encountered the defendant by video phone at the entrance to the Visitor Control Center at CIA Headquarters. The defendant was in the rear seat of a Lyft vehicle, and stated that she was at CIA to meet with her recruiter. Officers then approached the defendant and requested her identification. After determining that the defendant had no official business with the CIA, the Officers issued the defendant a written warning for trespassing on an Agency installation, directed her not to return to CIA Headquarters, and warned her that if she did return, she could be cited or arrested for trespassing.

7. On April 22, 2019, at approximately 8:16 p.m., a CIA police officer encountered the defendant at the main vehicle entrance to CIA Headquarters, adjacent to the Visitor Control Center. The defendant was on foot, and as she arrived, walked past a sign which read in relevant part:

"WARNING

RESTRICTED

U.S. GOVERNMENT

INSTALLATION

EMPLOYEES AND OFFICIAL VISITORS ONLY

IT IS UNLAWFUL TO ENTER

OR ATTEMPT TO ENTER

THIS INSTALLATION WITHOUT

PROPER AUTHORIZATION."

The defendant explained to the officer that she had applied for employment at the CIA, and that her recruiter directed her to come to the Agency. After determining that the defendant had no official business with the CIA, the officer informed her that she was trespassing on a CIA installation and directed her to leave the premises. The defendant acknowledged the officer's warning and departed on foot at approximately 8:22 p.m.

8. Except for the aforementioned trespassing incidents, the CIA has no current or prior official relationship with the defendant.

9. Based on the foregoing, I submit there is probable cause to believe that on May 3, 2019, within the Eastern District of Virginia, JENNIFER G. HERNANDEZ did remain on an Agency installation without proper authorization, after being ordered to leave, in violation of 32 C.F.R. § 1903.7.

Officer Mirko O. Peña
Security Protective Service
Central Intelligence Agency

Subscribed and sworn to before me
This 4th day of May 2019.

Honorable Michael S. Nachmanoff
United States Magistrate Judge
Alexandria, Virginia

4